IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CARLOS MACHUCA, § | |
|           Petitioner, § | |
| § | |
| V. § | Civil Action No. 4:15-CV-443-O |
| § | |
| RODNEY W. CHANDLER, Warden, § | |
| FCI-Fort Worth, § | |
|           Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Carlos Machuca, a federal prisoner confined at the Federal Correctional Institution (FCI-Fort Worth) in Fort Worth, Texas, against Rodney W. Chandler, Warden of FCI-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I.  BACKGROUND**

Petitioner is serving a total term of 135 months' imprisonment for his 2008 convictions in the Western district of Texas for conspiracy to commit bank fraud, aiding and abetting bank fraud, money laundering, and aiding and abetting aggravated identity theft. J., United States v. Machuca, Criminal Action No. 7:08-cr-055-RAJ, ECF No. 85. By way of this petition, Petitioner challenges a disciplinary proceeding conducted at FCI-Big Spring. Respondent provides the following factual summary of the disciplinary proceedings:

> On June 13, 2013, Machuca received an incident report at FCI Big Spring for a violation of Code 305, Possession of Anything Unauthorized, after admitting to possessing a pair of unauthorized Beats by Dre earbuds he reported finding in a recycling bin. Later that same day an iPhone 4 cell phone was found near the Health Services Unit, and a search of the phone's content revealed it had been used by Machuca and perhaps other inmates. The cell phone was sent for forensic analysis to

verify who had used it. The report of the forensic analysis was not received for several months. The report stated that the phone contained three numbers on Machuca's approved TRUFONE phone list and also various pictures linked to him, including one he had taken of himself in the Camp Housing Unit bathroom.

When Machuca was interviewed about the phone, he stated that he had purchased the phone for $400 and "his girl" had activated it. On December 10, 2013, the investigation was completed and Incident Report Number 2525081 was issued to Machuca for violation of Code 108, Possession of a Hazardous Tool (Cell Phone).

Machuca was advised of his right to remain silent and stated, "The report is true; the only difference is my girl gave me the phone, I didn't buy it." On December 11, 2013, Machuca appeared before the UDC and stated, "I never bought the phone; my girl gave it to me." The UDC referred Incident Report 2525081 to the Discipline Hearing Officer (DHO) for further review based on the seriousness of the prohibited act charged. Machuca was advised of his rights at the upcoming DHO hearing.

On January 14, 2014, the DHO hearing was held via video conference. Machuca opted to proceed without a staff representative after initially requesting one and did not request any witnesses. He stated that he was given the phone by his girlfriend but was challenging the incident report because he was not served a copy of it within 24 hours after staff became aware of the incident.

The DHO found sufficient evidence that the act was committed as charged. The DHO considered and relied upon: the statement of the staff member who completed the investigation on December 10, 2013; the preliminary search of the phone that revealed Machuca had used the phone; the forensic report that verified the preliminary search findings and confirmed that the cell phone had been used to contact three numbers listed only on Machuca's TRUFONE approved telephone list and that it contained photos of Machuca; Machuca's admission that he possessed the cell phone but was challenging the incident report because he was not issued the incident report within 24 hours of staff becoming aware of the incident; and the staff memoranda regarding when he was served the incident report. The DHO explained to Machuca that when an investigation is conducted the date and time staff become "aware" of the incident is the date and time the investigation is completed. Therefore, the DHO concluded that Machuca had received a copy of the incident Report 4 hours and 55 minutes after staff became aware of the incident.

The sanctions issued by the DHO on January 23, 2014, were the disallowance of 41 days of good conduct time, 60 days of disciplinary segregation suspended for 180 days, 365 days loss of telephone and email privileges. On January 31, 2014, Machuca received a copy of the DHO report. Machuca exhausted the BOP administrative remedy process with respect to this Incident Report.

2

Resp't's Resp. 204, ECF No. 6 (record citations omitted).

## II. DISCUSSION

Petitioner's only complaint is that he did not receive a copy of the incident report within 24 hours after prison staff became aware of the incident as required by the Bureau's internal policies. Pet. 2-3, ECF No. 2. In the context of a prison disciplinary proceeding resulting in the loss of good time credits, constitutional due process requires that a prisoner at a minimum receive (1) written notice of the charges against him at least twenty-four hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974). In addition, there must be "some evidence" in the record that supports the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454-56 (1985); *Richards v. Dretke,* 394 F.3d 291, 293 (5th Cir. 2004).

Petitioner's complaint that he did not receive notice within 24 hours of the staff becoming aware of the violation is not constitutionally guaranteed. Notice is only required at least 24 hours before the disciplinary hearing. Moreover, the regulation does not make it *mandatory* that a prisoner receive the report within 24 hours. Rather, as quoted by Petitioner, it states that "you will *ordinarily* receive the incident report within 24 hours of staff becoming aware of your involvement in the incident." Pet. 5, ECF No. 1. The failure to receive notice within 24 hours does not establish a constitutional violation, as there is no provision stating that the incident report *must* be provided within the twenty-four hour time frame. *See Taylor v. Carvajal,* No. 1:07-CV-982, 2011 WL 7143166, at *2 (E.D.Tex. Nov. 18, 2011). Furthermore, "a prison official's failure to follow the prison's own policies . . . does not constitute a violation of due process, if constitutional minima are

3

nevertheless met." *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996).

The requirements of due process were satisfied in this case. The incident occurred on June 13, 2013. On December 10, 2013, after conclusion of the investigation, prison officials notified petitioner of the disciplinary charges by delivering a copy of the incident report to him. Resp't's App. 14, ECF No. 7. On December 11, 2013, prison officials notified Petitioner that a hearing would be held on the next available docket, and he was advised of his rights at the hearing in writing. *Id.* at 17-18. The disciplinary hearing was held on January 14, 2014. *Id.* at 14. Petitioner therefore received at least 24 hours advance notice of the charges. At the hearing, Petitioner was offered but declined a staff representative and was given an opportunity to make a statement, present evidence, and call witnesses on his behalf. *Id.* at 14-15. On January 23, 2014, Petitioner was provided a copy of the DHO's decision, reasons for the action taken, and the evidence relied upon and he was notified of his right to appeal. *Id.* at 14-16.

## IV. CONCLUSION

For the reasons discussed herein, Petitioner's petition is DENIED. A certificate of appealability is also DENIED.

**SO ORDERED** on this 19th day of August, 2016.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**